IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>    Respondent. | No. C 09-0427 CRB (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the May 1, 2008 decision of the California Board of Parole Hearings ("BPH") denying him parole. Specifically, Petitioner claims the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current threat to public safety. Doc. #15; Doc. #1.

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied. Swarthout v. Cooke, No. 10-333, slip op. at 4–5 (U.S. Jan. 24, 2011). Here, the record shows Petitioner received at least this amount of process. The Constitution does not require more. Id. at 5.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Swarthout v. Cooke, slip op. at 6. Accordingly, the instant federal Petition for a Writ of Habeas corpus is **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

SO ORDERED.

DATED:  Feb. 4, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Williams-09-0427-bph-denial-post cooke.wpd

2